UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY C. JOHNSTON, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>COOLEY, et al.,<br><br>          Defendants. | CASE NO. 1:14-cv-00979-MJS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Benny C. Johnston, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2014. (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  His complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   SUMMARY OF COMPLAINT

The Complaint identifies the following individuals and entities as Defendants: (1) Officer Cooley, Bakersfield Police Department; (2) Officer Haskins, Bakersfield Police Department; (3) Kern County Police Department; (4) Kern County; (5) Bakersfield Police Department; (6) City of Bakersfield; (7) Officer John Doe, Badge Number 1005; (8) Officer John Doe, Badge Number 1044; (9) Officer John Doe, Badge Number 1252; (10) K-9 Unit; (11) all officers on site of the arrest; and (12) one hundred unspecified John Does.

Plaintiff alleges the following:

Plaintiff was in an attic when officers demanded that he come down.  Plaintiff complied and was unarmed.  Plaintiff was then "viciously and brutally beaten" by officers and a K-9 unit.  Plaintiff was taken from the scene in an ambulance because of his injuries; the damage caused by the K-9 unit required two reconstructive surgeries.  Plaintiff asserts that the Defendants violated his First, Eighth, Thirteenth, and Fourteenth Amendment rights. (Compl. at 3.)  The Court will address Plaintiff's claims below.

### IV.   ANALYSIS

**A.   Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.     Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official

3

cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not explain how any of the individual Defendants participated in, or otherwise might be responsible for, the alleged excessive force. Plaintiff generally states that he was subjected to excessive force and the Defendants are responsible, but does not set forth specific facts as to conduct by any individual Defendant that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link any of the Defendants to the alleged violation of his rights. The Court will provide an opportunity to amend. To state a cognizable claim, Plaintiff must demonstrate that each Defendant personally took some action that violated Plaintiff's constitutional rights. Plaintiff may not refer to the Defendants generally as a group. If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John Doe 1," "John Doe 2," or "Officer John Doe, Badge Number 1044" and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and John Doe Badge Number 1044 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear.

**C.    Municipal Liability**

The Complaint appears to name the Kern County Police Department, Kern County, the Bakersfield Police Department, and the City of Bakersfield as Defendants. A local government unit may not be held responsible for the acts of its employees under a

4

1  respondeat superior theory of liability.  Monell v. Department of Social Services, 436
2  U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
3  Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe,
4  290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held
5  liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at
6  1185.

7  Generally, a claim against a local government unit for municipal or county liability
8  requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving
9  force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles,
10 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385
11 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed
12 where the local government unit's omission led to the constitutional violation by its
13 employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff
14 must show that the municipality's deliberate indifference led to its omission and that the
15 omission caused the employee to commit the constitutional violation." Id.  Deliberate
16 indifference requires a showing "that the municipality was on actual or constructive
17 notice that its omissions would likely result in a constitutional violation." Id.

18 The Complaint does not allege facts reflecting that a deliberate policy, custom, or
19 practice was responsible for the excessive force or that the local government units
20 named as Defendants were somehow deliberately indifferent.  Accordingly, Plaintiff has
21 failed to state a claim.  The Court will grant leave to amend.  To state a claim against a
22 government entity, Plaintiff must allege truthful facts consistent with the above legal
23 standard.
24 ////
25 ////
26 ////
27 ////
28

**D.     Excessive Force**

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment[1] and an objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989); Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994). The Graham factors are a non-exhaustive list of considerations used to measure the amount of force that is necessary in a particular situation: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

The right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion or threat. Id. However, the force applied must be necessary to be reasonable. Where police have control over a suspect, the use of further force to bring the suspect under control may be unreasonable. See LaLonde v. County of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) (use of force upon a person after surrender constitutes excessive force).

Plaintiff alleges he exited an attic as commanded and was unarmed when he was attacked by law enforcement. The Complaint does not offer any further details except that a K-9 was used and Plaintiff suffered severe injuries. An arrest report attached to the Complaint is difficult to read but indicates that Plaintiff had led police on a high speed chase in a stolen vehicle and then barricaded himself inside an attic after hitting a

---

[1] Plaintiff alleges excessive force during arrest in violation of his First, Eighth, Thirteenth, and Fourteenth Amendment rights. As an arrestee Plaintiff's right to be free from excessive force is protected by the Fourth Amendment alone.

parked car. Plaintiff allegedly tried to set fires in the attic before fighting a K-9 unit and kicking an officer. Plaintiff also threatened to kill responding officers. (Compl. at 7.)

The Complaint does not provide factual detail that might state a cognizable claim especially given the attachment which reflects justification for the actions taken against Plaintiff. The Court will grant Plaintiff leave to amend. To state a claim Plaintiff must fully describe the circumstances surrounding his arrest and demonstrate that the Defendants' use of force was unreasonable. Any amended complaint must reconcile Plaintiff's description of events with the police report. Plaintiff must also include facts linking each Defendant with the violation of his rights.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: July 28, 2014         /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE