1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENNY C. JOHNSTON, JR.,

           Plaintiff,

    v.

COOLEY, et al.,

           Defendants.

CASE NO. 1:14-cv-00979-MJS

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 10)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

      Plaintiff Benny C. Johnston, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2014. (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

      On July 29, 2014, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended Complaint (ECF No. 10) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following officers of the Bakersfield Police Department as Defendants: (1) Chad Haskins; (2) Cooley; (3) Whisenhunt; (4) James Dickson; and (5) Peck.

Plaintiff alleges the following:

Shortly after midnight on October, 9, 2012, Plaintiff was high on methamphetamine while driving a vehicle he had stolen the night before.  Plaintiff refused to pull over for Defendants Haskins and Cooley and continued driving at a high rate of speed.  Plaintiff entered an apartment complex and drove in circles trying to avoid capture.  Plaintiff then exited the car, ran through the complex, entered an apartment, and passed through multiple apartments before "climb[ing] into an attic space shared by several apartments."  (Compl. at 3.)

Defendants Haskin and Cooley warned Plaintiff that a K-9 was standing by if he did not come down peacefully.  Defendant Whisenhunt arrived and tried to negotiate with Plaintiff for approximately an hour.  Plaintiff was smoking methamphetamine during this time.  The negotiations ended and Defendant Haskins deployed the K-9.  Plaintiff then dropped down into an apartment and the K-9 followed.

Plaintiff was bitten and blacked out.  Defendant Whisenhunt, coming to assist the K-9, shoved Plaintiff, who was partially unconscious, down and placed his right knee on Plaintiff's head.  (Id.)  Defendant Dickson hit Plaintiff on the ankle four times after allegedly witnessing Plaintiff, who was now completely unconscious, strike Defendant Whisenhunt.  (Id. at 3 and 4.)  Defendant Peck then grabbed Plaintiff's right wrist and used an arm bar to disable a still unconscious Plaintiff.  (Id. at 4.)

1    Plaintiff was transported to a hospital where he was treated for more than a dozen

2    injuries, including puncture wounds, scratches, swelling, red marks, a dislocated right

3    arm, and a broken ankle that required surgery to repair.  The injuries to Plaintiff's arm

4    and ankle resulted in permanent diminished range of motion.  (Id. at 3 and 4.)

5    Plaintiff asserts each of the Defendants used unreasonable force under the

6    circumstances in violation of his Fourth Amendment rights.  (Id. at 4 and 5.)

7  **IV.    ANALYSIS**

8         **A.    Section 1983**

9    Section 1983 "provides a cause of action for the 'deprivation of any rights,

10   privileges, or immunities secured by the Constitution and laws' of the United States."

11   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

12   Section 1983 is not itself a source of substantive rights, but merely provides a method for

13   vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

14   (1989).

15   To state a claim under Section 1983, a plaintiff must allege two essential

16   elements: (1) that a right secured by the Constitution or laws of the United States was

17   violated and (2) that the alleged violation was committed by a person acting under the

18   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

19   Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

20   A complaint must contain "a short and plain statement of the claim showing that

21   the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

22   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

23   supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

24   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

25   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

26   plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

27   that a defendant committed misconduct and, while factual allegations are accepted as

28   true, legal conclusions are not.  Id. at 1949-50.

3

1     **B.**     **Excessive Force**

2     A claim that a law enforcement officer used excessive force during the course of

3 an arrest is analyzed under the Fourth Amendment and an objective reasonableness

4 standard. Graham v. Connor, 490 U.S. 386, 395 (1989); Davis v. City of Las Vegas, 478

5 F.3d 1048, 1054 (9th Cir. 2007). Under this standard, "'[t]he force which [i]s applied

6 must be balanced against the need for that force: it is the need for force which is at the

7 heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir.

8 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th

9 Cir. 1994). The Graham factors are a non-exhaustive list of considerations used to

10 measure the amount of force that is necessary in a particular situation: "[1] the severity

11 of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of

12 the officers or others, and [3] whether he is actively resisting arrest or attempting to

13 evade arrest by flight." Graham, 490 U.S. at 396.

14     The right to make an arrest or investigatory stop carries with it the right to use

15 some degree of physical coercion or threat. Id. However, the force applied must be

16 necessary to be reasonable. Where police have control over a suspect, the use of

17 further force to bring the suspect under control may be unreasonable. See LaLonde v.

18 County of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) (use of force upon a person after

19 surrender constitutes excessive force).

20     The amended complaint acknowledges behavior that amount to serious crimes.

21 Plaintiff was driving intoxicated, refused to obey police commands to pull over, and tried

22 to evade capture while driving at high speeds and through an apartment complex.

23 Plaintiff also fled on foot through residences and eventually hid in a confined space

24 where he smoked methamphetamine and refused to surrender. Under the

25 circumstances Plaintiff posed an immediate threat to the safety of the Defendants and

26 any residents present.

27     Nevertheless, Plaintiff maintains that each of the Defendants used unreasonable

28 force in the process of detaining him in violation of his Fourth Amendment rights. The

4

1   excessive force claim is entirely based on the Defendants' conduct after Plaintiff fell

2   down from the attic.  However, Plaintiff admits that once he fell down from the attic and

3   was bitten by the K-9 he "blacked out and did not regain consciousness until arrival of

4   medical responders . . . ."  (Compl. at 3.)  By Plaintiff's own admission he cannot know

5   that he was compliant with the Defendants' attempts to arrest him because he was

6   unconscious.  The amended complaint does not explain how Plaintiff is aware that

7   Defendants' used a K-9, a knee to the head, four baton strikes to the ankle, and arm bar

8   or how he is aware that such force, if sued,was not necessary given the situation.  The

9   force at issue was brief and deployed immediately after Plaintiff, who was under the

10   influence of methamphetamine and non-compliant, fell from an attic.

11       The amended complaint does not adequately allege a violation of Plaintiff's

12   Fourth Amendment rights.  The Court will grant Plaintiff leave to amend.  To state a

13   claim Plaintiff must explain why the Defendants' conduct was unreasonable under the

14   circumstances.  The amended complaint must also explain how Plaintiff could know the

15   reasonableness of the Defendants' actions if he was unconscious and intoxicated at the

16   time.

17   **V.    CONCLUSION AND ORDER**

18       Plaintiff's First Amended Complaint does not state a claim for relief.  The Court

19   will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d

20   1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

21   alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at

22   1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

23   plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff

24   must also demonstrate that each named Defendant personally participated in a

25   deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

26       Plaintiff should note that although he has been given the opportunity to amend, it

27   is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

28

Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 30, 2014      /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

6